UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE AVALOS,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CALPAC PIZZA, LLC, et al.,<br><br>　　　　Defendants. | Case No.: 1:21-cv-00232 NONE JLT<br><br>ORDER AFTER SUGGESTION OF DEATH (Doc. 18) |

　　　　On July 29, 2021, Mr. Manning, counsel for the plaintiff, George Avalos, filed a notice of "Suggestion of Death Upon the Record."  (Doc. 18.)  Mr. Manning indicates that Mr. Avalos died on July 22, 2021. (*Id.* at 2.)

　　　　Rule 25(a)(1) of the Federal Rules of Civil Procedure allows the action to continue if a claim is not extinguished.  "A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed." Fed.R.Civ.P. 25(a)(1).  If the requirements of Rule 25(a)(1) are met, "[t]he substituted party steps into the same position as [the] original party." *Hilao v. Estate of Marcos*, 103 F.3d 762, 766 (9th Cir. 1996).

　　　　Because the "Suggestion of Death" has been filed on the record—and the defendants received service through the e-filing system—the action must be dismissed if no motion for substitution is filed within 90 days. *See Summerfield v. Fackrell,* 2012 WL 113281, at *2 (E.D. Cal. Jan. 11, 2012)

(before the 90-day period begins to run, the suggestion of death must be filed on the record and served to the other parties); *see also Barlow v. Ground*, 39 F.3d 231, 233 (9th Cir. 1994). Accordingly, the Court **ORDERS**: Any motion to substitute a party as plaintiff **SHALL** be within 90 days of the filing of the "Suggestion of Death," or **no later than October 27, 2021**.

IT IS SO ORDERED.

    Dated: **August 2, 2021**            **/s/ Jennifer L. Thurston**
                                                           CHIEF UNITED STATES MAGISTRATE JUDGE